UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD LEE WOODBURY (Pro se), )
on behalf of Himself and his minor daughter )
S.E.W., )
 )
    Plaintiffs, )
 )
v. )
 )
CITY OF TAMPA FLORIDA POLICE )
DEPARTMENT, and )
HILLSBOROUGH COUNTY SCHOOL )
BOARD; JANE CASTOR (Chief of TPD), )
in her official capacity; )
CHRIS LAFRAMBOISE (Police Officer), )
in his official capacity; )
STANLEY MERCHANT (Police Officer), )
in his official capacity; )
MARY ELLEN ELIA (Superintendent of )
Hillsborough County School Board), in her )
official capacity; PATRICIA ROYAL )
(Principal), in her official capacity; )
LAHNA M. TATE (Assistant Principal), )
in her official capacity and )
SHELLY DENISE GRAY (Teacher), in her )
official capacity, )
 )
    Defendants. )

Case No. 8:10-CV-0772-T-30AEP
2nd Amended Complaint

## 2nd AMENDED COMPLAINT

JURY TRIAL DEMANDED

INJUNCTIVE RELIEF SOUGHT

1

## PRELIMINARY STATEMENT

1. This case arises out of a father's effort to investigate the potential abuse inflicted upon his minor daughter, and resulted in the intentional and wrongful deprivation of constitutionally guaranteed rights. The public school system, along with the City of Tampa Florida Police Department, conspired to prevent the investigation of alleged abuse. Their actions resulted in Mr. Woodbury's wrongful arrest, false imprisonment, deprivation of property, and denial of procedural due process rights.

2. By their acts and omissions, the Defendants have violated the constitutional and common law rights of both Mr. Woodbury and his daughter. Plaintiffs allege violations of 1) the procedural due process and equal protection clauses of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, 2) the Fourth Amendment protections against unreasonable seizures pursuant to 42 U.S.C. § 1983, 3) Fifth Amendment protections against deprivation of private property without just compensation pursuant to 42 U.S.C. § 1983, and 4) false imprisonment. As relief for the denial of constitutional guarantees, humiliation, mental anguish, and financial injury suffered, plaintiffs seek compensatory and punitive damages, as well as injunctive and declaratory relief.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 because this matter involves allegations of illegal behavior arising under the Fourteenth and Fourth Amendments of the United States Constitution. This Court may exercise supplemental Jurisdiction over claimant's non-Federal claim pursuant to 28 U.S.C. § 1367, as this court possesses federal subject matter jurisdiction over these claims.

4. Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) because Defendants reside, are found, operate under color of authority or office, have an agent, or are connected with or related to the aforesaid, in this judicial district, and the events giving rise to the claims at issue took place within this judicial district.

## THE PARTIES

5. The Plaintiff, Richard Lee Woodbury, is the father of S.E.W, a clergyman, and is over the age of 21. Both Mr. Woodbury and S.E.W. reside within this judicial district.

6. The Plaintiff, S.E.W., is a minor, daughter of Mr. Woodbury, and a resident of this judicial district.

7. Defendant, City of Tampa Florida Police Department ("TPD") is an organized police department established by a City of Tampa Ordinance. TPD has the responsibility of preventing, and detecting crime, and enforcing city and county ordinances, and state and federal laws.

8. Defendant, Jane Castor is the Chief of the TPD. She is a resident of Hillsborough County, Florida. She mediates disputes according to the Code of Regulations, and solemnly swears that she will faithfully execute the Code of Regulations and will do the best of her ability to uphold the Constitution and Statutes of the United States, her position is the ultimate authority in the TPD. At all relevant times, Chief Castor was acting in her official capacity.

3

9. Defendant, Chris Laframboise, is a Tampa Police Officer, residing in Hillsborough County, Florida. Officer Laframboise is under the command of Chief Jane Castor, and was, at all relevant times, acting within his official capacity.

10. Defendant, Stanley Merchant, is a Tampa Police Officer, residing in Hillsborough County, Floriday. Officer Merchant is under the command of Chief Jane Castor, and was, at all relevant times, acting within his official capacity.

11. Defendant, Hillsborough County School Board ("School Board"), is a duly organized school district, organized under the laws of the State of Florida. The School Board is responsible for organizing and controlling the public schools within Hillsborough County, FL. The School Board is given the authority to determine the policies that are necessary in the effective operation and improvement of the school system.

12. Defendant, Mary Ellen Elia, is the Superintendent of the School Board. She is a resident of Hillsborough County Florida. She is responsible for the actions of Principal Patricia Royal, Assistant Principal Lahna M. Tate and Teacher Shelly Gray. She mediates disputes according to school policy established by the School Board.

13. Defendant, Patricia Royal, is the Principal of James Elementary School, which is located at 4302 East Ellicott Street, Tampa, Florida, 33610. Principal Royal resides within Hillsborough County, FL. She acts pursuant to the policy of the School Board.

14. Defendant, Lahna M. Tate is the Assistant Principal of James Elementary School. She resides within Hillsborough County, Florida. She acts under the authority of Principal Royal.

4

15. Defendant, Shelly Denise Gray is a teacher employed by the Hillsborough County School District and teaches at James Elementary School. She resides within Hillsborough County, Florida.

## GENERAL ALLEGATIONS

16. On December 9, 2009, S.E.W. came home from school crying. When Mr. Woodbury asked her what was wrong, she told him that her teacher at school, Defendant Shelly Gray grabbed her arm and bruised it.

17. Mr. Woodbury looked at S.E.W.'s arm and saw the bruises on her arm. Mr. Woodbury did not notice any bruises on her arm that morning before she went to school.

18. Mr. Woodbury picked up his tape recorder and immediately jumped into his vehicle. He and S.E.W. headed to James Elementary School. While in route, he called 911 and requested that police officers meet him at the school.

19. After Mr. Woodbury explained to the 911 operator that a teacher at her school had assaulted his daughter, the 911 operator suggested that he and his daughter wait until police officers arrived.

20. After waiting, police officer Stanley Merchant (Defendant) arrived. Officer Merchant asked Mr. Woodbury what happened, and Mr. Woodbury stated that a teacher assaulted S.E.W. Officer Merchant asked as to how she was assaulted, and Mr. Woodbury stated that the teacher bruised her arm. Officer Merchant asked to look at S.E.W.'s arm. S.E.W. complied, and Officer Merchant viewed her arm.

21. Officer Merchant then instructed that he, Mr. Woodbury, and S.E.W. go to the office of Patricia Royal, the principal of James Elementary School.

22. After arriving at the principal's office, Mr. Woodbury placed his tape recorder in his left coat pocket so that he could record what his daughter said as she was questioned by the police and/or the principal.

23. While waiting in outside the principal's office, another police officer, Officer Chris Laframboise arrived at the office and asked Officer Merchant asked what happened.

25. After Principal Royal arrived at her office, she and the police officers went into her office. They later asked that Mr. Woodbury and S.E.W. come into the office.

26. Mr. Woodbury still had his tape recorder in his pocket. He recorded the conversation in the office as the police officers watched him, and then he and S.E.W. left the room.

27. Shelly Gray then went into Principal Royal's office and stayed in there for a while. Then Officer Laframboise came outside the door of the office and asked that Mr. Woodbury and S.E.W. come back into to the office.

28. Before walking inside the door of Principal Royal's office, Officer Laframboise asked Mr. Woodbury if his tape recorder was on. Mr. Woodbury answered that it was not on at the moment, but that he was recording when his daughter went into the office before.

29. Officer Laframboise told Mr. Woodbury that he was under arrest for recording a conversation without consent. Officer Laframboise to told Mr. Woodbury

6

that the offense was a felony crime. Mr. Woodbury was handcuffed in front of his daughter and the school staff.

30. The tape recorder that was in Mr. Woodbury's possession was taken from him by police Officer Laframboise.

31. Mr. Woodbury was not read his *Miranda* rights.

32. Mr. Woodbury was not informed of the whereabouts of his daughter, nor the status of the investigation.

33. Mr. Woodbury was placed in the back seat of a police cruiser for over thirty minutes with no air, and it was extremely hot inside the vehicle.

34. Officer Laframboise came back to the police vehicle, and at that time, Mr. Woodbury complained that it was hot inside the vehicle. Officer Laframboise replied that he would turn on the car in a few minutes. He finally turned the car, allowing the air conditioning to run,

35. After sitting in the police cruiser for a while, Officer Merchant returned and issued Mr. Woodbury an affidavit stating that he was charged with violating Florida Statute § 943.01.

36. The affidavit was misquoted and the incorrect statue was applied against Mr. Woodbury. The affidavit also provided the date in which he was to appear in court before a judge. The charges against Mr. Woodbury were reduced to a misdemeanor.

37. Officer Merchant also issued Mr. Woodbury a Trespassing Warning. The named complainant was Patricia Royal, the principal of James Elementary School. The warning stated that Mr. Woodbury was restricted from entering the James Elementary School's campus indefinitely. (Citation Number 09-714817).

7

38. After the arrest of Mr. Woodbury, the investigation of his daughter's abuse was no longer pursued.

39. On December 9, 2009, around 8:40 p.m., Mr. Woodbury, the plaintiff, called the Tampa Police Department and asked to speak with Sergeant Norris to inquire about receiving a copy of the written incident report from S.E.W.'s school abuse investigation. The Sergeant was unavailable at the time.

40. The plaintiff received a phone call from Sergeant Norris around 10:35 p.m. that night. Sergeant Norris told plaintiff that he would receive an incident report.

41. Later on the same night around 11:09 p.m., plaintiff received a Report Number from Tampa police officer Chris Laframboise.

42. On December 10, 2009, after receiving the report number, the plaintiff went to the Tampa Police Department District 3 Office (located on Dr. Martin Luther King Blvd. & 22nd Street) to file a formal complaint against the School and the TPD.

43. Mr. Woodbury was unable to file his initial complaint because the desk clerk at the office told him that he needed to speak with police Sergeant Norris before he could file a complaint. The desk clerk said the Sergeant would follow-up with a call to plaintiff. Sergeant Norris never called Mr. Woodbury. Mr. Woodbury was unable to contact Sergeant Norris after several attempts.

44. On December 11, 2009, around 2:53 p.m., the plaintiff received a telephone call from Tampa Police officer Chris Laframboise. Officer Laframboise told plaintiff he was involved in an investigation and if plaintiff wanted to receive an incident report sooner than ten days, he needed to hire an attorney, who would have to file a motion for a discovery report.

8

45. On December 29, 2009, Mr. Woodbury went to court before the Honorable Lawrence M. Lefler. Judge Lefler told the plaintiff that he was not on the docket, and that he had not been prosecuted for violating Florida Statute § 943.01.

46. On January 12, 2010 the plaintiff mailed certified letters to TPD Chief Jane Castor and to School Board superintendent Mary Ellen, requesting an explanation and a solution to the arrest incident and lack of a written incident report pertaining to his daughter's abuse investigation.

47. Mr. Woodbury's request went unanswered and the incident involving his daughter S.E.W. went un-investigated.

## COUNT I VIOLATION OF 14TH AMENDMENT PROCEDURAL DUE PROCESS

On Behalf of Richard Woodbury as Against All Defendants

48. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 as fully set forth herein.

49. The 14th Amendment of the United States Constitution provides that "no state shall . . . deprive any person of life, liberty, or property, without due process of law."

50. The School Board and the TPD violated Mr. Woodbury's due process rights by indefinitely banning him from entering the school without a hearing, without reasons provided, and without evidence of guilt of the charge against him.

51. Section 3.06 of the School Board's Policy Manual states that "any person who enters or remains upon district property without legitimate purpose may be found to be trespassing, and therefore, in violation of Florida statutes . . ."

52. Under Section 3.06 and 3.05 of the School Board Policy, Mr. Woodbury was banned from the school. There was no finding of an illegitimate purpose for Mr. Woodbury's visit to the school on December 9, 2009. Rather, he sought to investigate his daughter's alleged abuse on the school campus.

53. The actions of the School Board, as well as its agents and employees, have prevented Mr. Woodbury from attending any of his daughter's functions at the school, or dropping off and picking her up from school.

54. WHEREFORE, Plaintiff seeks judgment against the Defendants, a declaration that the trespassing warning issued to him was unmerited, an Order that the Trespassing Warning be lifted, and an award of compensatory damages as set forth hereinafter against the Defendants.

## COUNT II VIOLATION OF 14TH AMENDMENT EQUAL PROTECTION

### On Behalf of S.E.W. as Against All Defendants

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 as fully set forth herein.

56. The 14th Amendment of the United States Constitution prohibits a state from denying "any person within its jurisdiction the equal protection of laws."

57. The Defendants, acting at all times under the color of state law, violated S.E.W. Constitutional Rights under the Equal Protection Clause by discontinuing the investigation of her alleged school abuse after Mr. Woodbury was arrested.

58. The TPD by way of its agents and employees, initiated the investigation, creating an expectation to complete the investigation and write up an incident report.

However, TPD abandoned its undertaking to continue the investigation. The matter has not been resolved and S.E.W. is left with no relief for her alleged abuse that took place at the school.

59.     The School Board, by way of its agents and employees, provided S.E.W., one of its students, with an incomplete and inadequate investigation of her alleged school abuse. Section 5.12 of the School Board Policy Manual states that all schools "shall ensure a safe and orderly environment" for students as well as teachers. School administrators are expected to conduct a thorough investigation of disorderly conduct related to school activity, and provide reasonable penalties for offenses.

60.     WHEREFORE, Plaintiff seeks judgment against the Defendants and an award of compensatory and punitive damages as set forth hereinafter.

## COUNT III VIOLATION OF 14TH AMENDMENT EQUAL PROTECTION

On Behalf of Richard Woodbury as Against All Defendants

61.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as fully set forth herein.

62.     The 14th Amendment of the United States Constitution prohibits a state from denying "any person within its jurisdiction the equal protection of laws."

63.     The Defendants, acting at all times under the color of state law, violated Mr. Woodbury's rights under the Equal Protection Clause when they indefinitely banned him from the school.

64.     WHEREFORE, Plaintiff seeks judgment against the Defendants and an award of compensatory damages as set forth hereinafter.

## COUNT IV VIOLATION OF 4TH AMENDMENT DEPRIVATION OF PROPERTY

On Behalf of Richard Woodbury as Against TPD, Officer Merchant, and Officer Laframboise

65. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 as fully set forth herein.

66. The Fourth Amendment of the United States Constitution provides that a person has a right to be free from unreasonable seizures.

67. Mr. Woodbury has a strong possessory interest and expectation of privacy invested in his tape recorder. He records routinely and uses it during the course of his business as a clergyman.

68. The arrest that resulted in the seizure was unlawful.

69. WHEREFORE, Plaintiff seeks judgment against the Defendants, and compensatory damages as set forth hereinafter.

## COUNT V VIOLATION OF 5TH AMENDMENT DEPRIVATION OF PRIVATE PROPERTY

On Behalf of Richard Woodbury as Against TPD, Officer Merchant and Officer Laframboise

70. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 as fully set forth herein.

71. The Fifth Amendment of the United States Constitution provides that private property cannot be taken for public use without just compensation.

72. While being falsely arrested, Mr. Woodbury's tape recorder was seized by police Officer Laframboise.

73. Mr. Woodbury was not compensated for the loss of his tape recorder, and was unable to retrieve his recorder after making attempts.

74. WHEREFORE, Plaintiff seeks judgment against the Defendants, and compensatory damages as set forth hereinafter.

## COUNT VI VIOLATION OF 4TH AMENDMENT WRONGFUL ARREST

On Behalf of Richard Woodbury as Against TPD, Officer Merchant, and Officer Laramboise

75. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 as fully set forth herein.

76. The Fourth Amendment of the Unites States Constitution provides that a person has a right to be free from unreasonable seizures. An arrest is a seizure.

77. Officers Merchant and Laframboise violated Mr. Woodbury's Fourth Amendment rights because they falsely arrested him for violating Fla. Stat. § 943.01. They had no probable cause to arrest him under this statute.

78. The purpose of the arrest was to thwart Mr. Woodbury's efforts to continue the investigation of his daughter's alleged abuse that took place on school grounds.

79. As a result of the arrest, Mr. Woodbury has suffered damage to his reputation as a clergyman, humiliation, and emotional distress.

80. WHEREFORE, Plaintiff seeks judgment against defendants, declaration that the arrest was unconstitutional, and seeks compensatory and punitive damages as set forth hereinafter.

## COUNT VII FALSE IMPRISONMENT

On Behalf of Richard Woodbury as Against TPD, Officer Merchant, and Officer Laramboise

81. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 and paragraphs 75 through 80.

82. Officers Merchant and Laframboise intended to confine Mr. Woodbury.

83. Mr. Woodbury was handcuffed and placed in the police cruiser for a long period of time.

84. Mr. Woodbury was aware that he was confined.

85. The arrest was unlawful.

86. No action was taken after the arrest. Mr. Woodbury went to court on his assigned date but was not on the docket because his case had not been prosecuted.

87. As a result of his confinement, Mr. Woodbury has suffered damage to his reputation as a clergyman, humiliation, and emotional distress.

88. WHEREFORE, Plaintiff seeks judgment against Defendant, and compensatory and punitive damages as set forth hereinafter.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on all causes of action where there is a right to a jury trial.

## RELIEF REQUESTED

1. An award of compensatory damages as set forth herein against Defendants, and each of them, in the amount of two million dollars.

2. An award of punitive damages, as set forth herein, jointly and severally, against defendants in the amount of twenty million dollars.

3. Injunctive relief ordering the TPD and Principal Royal to lift the Trespass Warning issued to Mr. Woodbury.

4. Injunctive relief ordering Defendants to remove, squash, and expunge any negative arrest record and or documentation concerning Mr. Woodbury and submit a letter of apology to Plaintiffs Woodbury and S.E.W.

5. An award of such further and additional legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

_____
Richard Lee Woodbury (Clergyman) and

_____
S.E.W. (Minor Daughter

3905 East Chelsea Street
Tampa Florida 33610
813-361-8323

15

## CERTIFICATE OF SERVICE

I **CERTIFY** that a true copy of the foregoing instrument has been sent by U.S. Mail delivery this ___6___ day of May 2010 to the defendants Jane Castor Chief of Police at 306 East Jackson Street Tampa Florida 33602 and to Mary Ellen Elia, Superintendent Of Hillsborough County Public Schools at 901 East Kennedy Blvd. Tampa Florida 33601

Respectfully Submitted

_____
Richard Lee Woodbury (Clergyman)

_____
S.E.W. (Minor Daughter)