**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**RICHARD LEE WOODBURY and
S.E.W. (minor daughter),**

    **Plaintiffs,**

**v.**                                                                                  Case No: 8:10-CV-0772-T-30AEP

**CITY OF TAMPA POLICE
DEPARTMENT, et al.,**

    **Defendants.**
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the *pro se* Plaintiffs' Second Amended Complaint (Dkt. No. 11), and Affidavit of Indigency (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *in forma pauperis*.

The Court previously advised Plaintiffs that the Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and could be subject to dismissal for failure to state a claim. (Dkt. No. 4.) The Court therefore directed Plaintiffs to file an Amended Complaint in compliance with the Federal Rules of Civil Procedure by May 10, 2010. (Dkt. No. 4.) Subsequent to the Court's Order, Plaintiffs timely filed an Amended Complaint on May 3, 2010 (Dkt. No. 6). The Court found Plaintiffs' Amended Complaint to be similarly deficient and recommended dismissal of this case without prejudice. (Dkt. No. 7.) Plaintiffs objected to the Report and Recommendation and submitted a Second Amended Complaint. (Dkt. Nos. 9, 11.) In light of Plaintiffs' submission of the Second Amended Complaint, the District Judge mooted the Report and Recommendation. (Dkt. No. 10.) Therefore, the Second

Amended Complaint is now before the Court and the undersigned must determine if it complies with the Federal Rules of Civil Procedure and states a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while courts should show leniency to *pro se* litigants, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action"). For the reasons given below, the Court finds that the Second Amended Complaint remains deficient and fails to state a claim upon which relief may be granted.

**A.     Counts I & III: Alleged Violations of Due Process and Equal Protection.**

Count I of Plaintiffs' Second Amended Complaint alleges that the Hillsborough County School Board and Tampa Police Department violated Mr. Woodbury's due process rights by indefinitely banning him from entering the school without a hearing, without

2

reasons provided, and without evidence of the guilt of the charge against him." (Dkt. No. 11 at 9, ¶ 50.) Count III similarly alleges that the Defendants violated his rights under the Equal Protection Clause when they indefinitely banned him from the school. (*Id.* at 11, ¶ 63.)

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir.1998). Generally, the "liberty" protected by the Due Process Clause of the Fourteenth Amendment includes the right of parents "to control the education of their own." *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000) (*quoting Meyer v. Nebraska*, 262 U.S. 390, 399, 401 (1923)); *see also Pierce v. Society of Sisters*, 268 U.S. 510, 534-535 (1925) (holding that "liberty of parents and guardians" includes the right "to direct the upbringing and education of children under their control."). However, no court has ever interpreted the Due Process Clause to create a parental right of unfettered access to school facilities. *Buckley v. Garland Indep. School Dist.*, No. 3:04-CV-1321, 2005 WL 2041964, at *2 (N.D. Tex. Aug. 23, 2005). To the contrary, courts have consistently upheld the authority of school officials to control activities on school property. *Id.* This includes barring third parties, including parents, from access to the premises when necessary to maintain order and prevent disruptions to the educational environment. *Id.* (*citing Lovern v. Edwards*, 190 F.3d 648, 655-56 (4th Cir. 1999); *Van Deelen v. Shawnee Mission Unified Sch. Dist. #512*, 316 F. Supp. 2d 1052, 1057 (D. Kan. 2004); *Ryans v. Gresham*, 6 F. Supp. 2d 595, 601 (E.D. Tex. 1998)); *see also Porter v. Duval County Sch. Bd.*, No. 3:09-cv-285, 2010 WL 1252177, at *7 (M.D. Fla. Mar. 26, 2010)

3

("Parents have no constitutional right to be on school premises."); *Cole v. Buchanan County Sch. Bd.*, 328 Fed. App'x 204, 209 (4th Cir. 2009) ("Members of the public do not have any constitutional right of access to public schools.").

Here, Mr. Woodbury alleges that he was arrested for recording a conversation without consent while he was on school property. (Dkt. No. 11 at 6-7, ¶¶ 26-30.) Additionally, Mr. Woodbury was issued a Trespassing Warning and restricted from entering his daughter's elementary school indefinitely after the principal filed a complaint against him. (*Id.* at 7, ¶ 37.) The Court finds that Mr. Woodbury cannot state a claim for relief under § 1983 for alleged violations of the Due Process and Equal Protection Clauses because he simply does not have a constitutional right to have access to school premises. *See Porter*, 2010 WL 1252177, at *7 ("neither the Due Process Clause nor the Equal Protection Clause create for [the plaintiff] a parental right of unfettered access to school property or facilities.") (*citing Cole v. Montague Bd. of Educ.*, 145 F. App'x 760, 762-63 (3d Cir. 2005) (affirming district court which found school board did not violate due process by banning parent from school property without a hearing)). Additionally, to state a § 1983 claim for violation of the Equal Protection Clause, Mr. Woodbury must allege that the Defendants acted with intent or purpose to discriminate against him based on his membership in a constitutionally protected class, or, as a "class of one," that he was intentionally treated differently from others similarly situated with no rational basis for the difference in treatment. *Lieb v. Hillsborough County Public Transp. Comm'n*, 558 F.3d 1301, 1305-07 (11th Cir. 2009). Here, Mr. Woodbury alleges that he was denied access to his daughter's school after his arrest for unlawful recording. There are no allegations that Defendants acted with intent or purpose to

discriminate against Mr. Woodbury based on his membership in a constitutionally protected class, or that he was intentionally treated differently from others similarly situated. Therefore, the undersigned recommends that the claims for relief under Counts I and III be dismissed.

### B. Counts IV-VII: Alleged Violations of 4th and 5th Amendment, Wrongful Arrest, and False Imprisonment.

Counts IV and V of Plaintiffs' Second Amended Complaint alleges that the Tampa Police Department, Officer Merchant, and Officer Laframboise unlawfully seized and retained Mr. Woodbury's recorder. (Dkt. No. 11 at 12-13.) Additionally, Mr. Woodbury alleges that he was falsely arrested and falsely imprisoned because there was not probable cause to arrest him. (*Id.* at 13-14.)

As an initial matter, the Court notes that Mr. Woodbury has sued the City of Tampa Florida Police Department. Under Florida law, a police department lacks a separate legal identity apart from the city and is not an entity subject to suit. *Griffin v. Hillsborough County Sheriff*, No. 8:09-cv-1440, 2009 WL 4547054, at *2 (M.D. Fla. Nov. 30, 2009); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ( "Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . but capacity to sue or be sued shall be determined by the law of the state in which the district court is held."). (internal citations omitted)).

Additionally, it appears from the face of the Complaint that Mr. Woodbury continues to sue Ms. Jane Castor, (Chief of the Tampa Police Department), Officer Laframboise, and Officer Merchant in their official capacities. To state a claim for relief under § 1983 against

these parties in their official capacities, the plaintiff must demonstrate the violation of a constitutional right caused by enforcement of a policy or custom of the municipality. Under 42 U.S.C. § 1983, local government bodies, such as police departments, may be held liable only for the acts "of the municipality" — that is, acts which the municipality has officially sanctioned or ordered. *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). In other words, a municipality may not be held vicariously liable for the acts of its employees. *Id.*; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Plaintiffs' Second Amended Complaint still fails to allege any facts regarding a specific policy or custom that caused the alleged constitutional deprivation. To establish a policy or custom, a plaintiff must show a "persistent and widespread practice," and "actual or constructive knowledge of such customs must be attributed to a governing body of the municipality." *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999). Absent policymaking authority, a single incident of misconduct by an individual (or individuals) fails to establish a policy or custom on the part of a municipality under Section 1983. *Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985); *Gilmere v. Atlanta*, 737 F.2d 894, 902 (11th Cir. 1984).

Furthermore, to the extent that Mr. Woodbury is suing these parties in their official capacities, punitive damages are not available against them. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that a municipality is immune from punitive damages under 42 U.S.C. § 1983). However, Mr. Woodbury's Second Amended Complaint seeks punitive damages from these parties, and therefore the Complaint is also deficient in that respect.

Even if the Court were to consider that these parties were being sued in their individual capacities, they would be entitled to qualified immunity based on the factual allegations made by Mr. Woodbury for the reasons given below.

An officer need not have actual probable cause but only "arguable probable cause" in order to be entitled to qualified immunity from a Fourth Amendment claim. *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). Law enforcement violates a person's Fourth Amendment rights when it arrests him or her without probable cause, and a claim arises under § 1983. *Rushing v. Parker*, 599 F.3d 1263, 1265 (11th Cir. 2010) (*citing Madiwale v. Savaiko*, 117 F.3d 1321, 1324 (11th Cir. 1997)). Probable cause is present "when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed . . . a crime." *Id.* (*quoting United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992)). The "existence of probable cause at the time of arrest constitutes an absolute bar to a section 1983 action for false arrest." *Id.* (*quoting Case v. Eslinger*, 555 F.3d 1317, 1326-27 (11th Cir. 2009)). Likewise, if a police officer has probable cause to make an arrest, the arrestee may not sue for false imprisonment under § 1983 based on a detention pursuant to that arrest. *Atterbury v. City Of Miami Police Dept.*, 322 Fed.App'x 724, 727 (11th Cir. 2009).

The facts as alleged by Mr. Woodbury, taken in the most favorable light to him and taken as true, establish the following.[1] After Mr. Woodbury arrived at the principal's office to

---

[1] In deciding whether a complaint states a claim for relief under Rule 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).

7

discuss his daughter's injury, Mr. Woodbury placed his tape recorder in his left coat pocket so that he could record what his daughter said as she was questioned by the police and/or the principal. (Dkt. No. 11 at 6, ¶ 22.) When Principal Royal arrived at her office, she and Officers Laframboise and Merchant went into her office. (*Id.* ¶ 25.) They asked that Mr. Woodbury and his daughter come into the office. (*Id.*) Mr. Woodbury still had his tape recorder in his pocket *and he recorded the conversation in the office as the police officers watched him*, and then he and his daughter left the room. (*Id.* ¶ 26.) (emphasis added.)

Officer Laframboise came out of the office and asked that Mr. Woodbury and his daughter come back into the office. (*Id.* ¶ 27.) Before walking inside, Officer Laframboise asked Mr. Woodbury if his tape recorder was on. (*Id.* ¶ 28.) *Mr. Woodbury answered that it was not on at the moment, but that he was recording when his daughter went into the office before*. (*Id.*) (emphasis added.) Officer Laframboise told Mr. Woodbury that he was under arrest for recording a conversation without consent. (*Id.* ¶ 29.) The tape recorder that was in Mr. Woodbury's possession was taken from him by police Officer Laframboise. (*Id.* at 7, ¶ 28.)

Florida law provides that any person who "intentionally uses, [or] endeavors to use . . . any electronic, mechanical, or other device to intercept any oral communication," may be charged with a felony in the third degree, unless the offense is a first offense and certain conditions are met, then the person may be charged with a misdemeanor. *See* FLA. STAT. § 934.03 (2009). Here, the allegations made by Mr. Woodbury clearly establish that the officers had probable cause to arrest him for violating a Florida statute. Mr. Woodbury admits that the officers watched him record the conversation in the principal's office, and

8

further, Mr. Woodbury acknowledges that he told the officers that he was recording the conversation. There is no allegation that Mr. Woodbury received consent to record or that the officers had knowledge of some other applicable exception to the statute. A law enforcement officer having the same factual information as Officers Merchant and Laframboise would reasonably believe that Mr. Woodbury had committed a crime. Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information. *Eslinger*, 555 F.3d at 1327 (citations omitted). Based on Mr. Woodbury's version of the facts, the Court concludes as a matter of law that there was probable cause for his arrest. Therefore, Mr. Woodbury's claims under § 1983 for false arrest and false imprisonment do not state a claim for relief and the undersigned recommends that they be dismissed.

Additionally, Mr. Woodbury's claims regarding the forfeiture of his recorder also fail since it was confiscated pursuant to a lawful arrest. *Id.* at 1330 (finding initial seizure of property by officer did not violate Fourth Amendment because officer had probable cause).[2] To the extent that Mr. Woodbury challenges the continued retention of his recorder, the Eleventh Circuit has consistently held that so long as *some* adequate postdeprivation remedy is available, no procedural due process violation has occurred. *Id.* at 1331 (*citing Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991)). As the Eleventh Circuit explained in *Eslinger*, under Florida law, law enforcement officers may be liable for conversion for the seizure or retention of personal property. *Id.* (*citing E.J. Strickland Constr., Inc. v. Dep't of Agric. &*

---

[2] The Court notes that Florida law provides for forfeiture of property used in violation of FLA. STAT. § 934.03. *See* FLA. STAT. § 934.05 (2009) ("Any electronic, mechanical, or other device used, sent, carried, manufactured, assembled, possessed, or sold in violation of this chapter may be seized and forfeited to the state.").

*Consumer Servs. of Fla.*, 515 So.2d 1331, 1335 (Fla. Dist. Ct. App. 1987)). Thus a postdeprivation remedy is available to Mr. Woodbury through the Florida state courts. For the same reasons, Mr. Woodbury's takings claim asserting his recorder was taken without just compensation also fails. A just compensation claim under §1983 accrues on the date that both "the state judicial authorities make a final determination on the status of the subject property" and "the property owner [is] denied an adequate postdeprivation remedy." *Abusaid v. Hillsborough County*, *Fla.*, No. 8:09-cv-713-T-26EAJ, 2009 WL 1515626, at *2 (M.D. Fla. June 1, 2009) (*quoting New Port Largo, Inc. v. Monroe County*, 985 F.2d 1488, 1493 (11th Cir. 1993)); *see also Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985) ("[T]he State's action is not complete in the sense of causing a constitutional injury unless or until the State fails to provide an adequate postdeprivation remedy for the property loss.") (internal quotations omitted). The Court notes that Mr. Woodbury alleges that he was "unable to retrieve his recorder after making attempts," but there is no explanation of what those "attempts" were, or if Mr. Woodbury has fully explored his remedies through the State of Florida. Nevertheless, Mr. Woodbury has, or had access to an adequate postdeprivation remedy in the state courts to possibly obtain his recorder or obtain compensation for his recorder. Thus, he cannot state a claim for relief based on a procedural due process violation under the Fifth or Fourteenth Amendment or under the "takings clause" of the Fifth Amendment. Therefore, the undersigned recommends that Mr. Woodbury's claims under Counts IV and V of the Second Amended Complaint be dismissed.

### C. Count II: Alleged Violation of 14th Amendment Equal Protection Clause, Brought on Behalf of Mr. Woodbury's Daughter by Mr. Woodbury.

Count II of Plaintiffs' Second Amended Complaint alleges that the Hillsborough County School Board and Tampa Police Department violated Mr. Woodbury's daughter's rights under the Equal Protection Clause by discontinuing the investigation of her alleged school abuse after Mr. Woodbury was arrested. (Dkt. No. 11 at 10, ¶ 57.)

The Court finds that this claim is subject to dismissal because it purports to assert a claim on behalf of Mr. Woodbury's daughter. However, Mr. Woodbury lacks standing to seek redress for alleged injuries to another person, including a member of his family. *Griffin v. Hillsborough County Sheriff*, No. 8:09-cv-1440-T-23TGW, 2009 WL 4547054, at *2 (M.D. Fla. Nov. 30, 2009) (*citing Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) ("a non-lawyer parent has no right to represent a child in an action in the child's name."); *see also Devine v. Indian River County School Bd.*, 121 F.3d 576, 581-82 (11th Cir. 1997) (concluding that a parent may not represent his/her child in federal court). Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, FED. R. CIV. P. 17(c), however a non-lawyer parent has no right to represent a child in an action in the child's name. *Whitehurst*, 306 F. App'x at 449. Thus, with respect to any claims brought on behalf of S.E.W., she must be represented by an attorney and not by Mr. Woodbury. Therefore, the undersigned recommends that Count II of Plaintiffs' Second Amended Complaint be dismissed without prejudice.

### D. Conclusion.

After careful consideration of Plaintiffs' Second Amended Complaint, for the aforementioned reasons, the undersigned finds that the Second Amended Complaint does not state a claim for relief and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiffs have submitted three complaints in this action. (Dkt. Nos. 1, 6, 11.) Each of the Complaints have essentially contained the same factual allegations, seeking varying claims of relief. Upon due consideration, the undersigned recommends that this case be dismissed without leave to amend. "Leave to amend a complaint is futile when the complaint as amended could still be properly dismissed or be immediately subject to summary judgment for the defendant." *Washington v. School Bd. of Hillsborough County*, No. 8:08-cv-2023-T-33MAP, 2009 WL 4042938, at *6 (M.D. Fla. Nov. 23, 2009) (*quoting Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007)). "A district court, before dismissing a complaint with prejudice because of a mere pleading defect, ordinarily must give a plaintiff one opportunity to amend the complaint and to cure the pleading defect. Leave to amend, however, need not be granted where amendment would be futile." *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000). In this case, Plaintiffs have been given at least two opportunities to allege additional facts sufficient to support a claim for relief, yet the Complaints continue to allege the same facts. Because those facts cannot support a claim for relief for the reasons explained herein, and because Mr. Woodbury cannot represent his daughter in this action, the undersigned believes that granting leave for further amendment would be futile.

Accordingly, after due consideration, it is **RECOMMENDED**:

(1)   Plaintiffs' **Motion for Leave to Proceed** *in forma pauperis* (Dkt. No. 2) be **DENIED**; and

(2)   Plaintiffs' Second Amended Complaint (Dkt. No. 11) be **DISMISSED.**

**IT IS SO REPORTED** at Tampa, Florida, this 8th day of June, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. James S. Moody, Jr.
Plaintiffs, *pro se*